```
 1  EILEEN M. DECKER
    United States Attorney
 2  LAWRENCE S. MIDDLETON
    Assistant United States Attorney
 3  Chief, Criminal Division
    JULIUS J. NAM (Cal. Bar No. 288961)
 4  Assistant United States Attorney
    General Crimes Section
 5       1200 United States Courthouse
         312 North Spring Street
 6       Los Angeles, California 90012
         Telephone: (213) 894-4491
 7       Facsimile: (213) 894-0141
         E-mail:    julius.nam@usdoj.gov
 8
    Attorneys for Respondent
 9  JACK FOX, Warden FCI Lompoc
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| DAVID L. VANCE, | CV No. 15-4887-CJC-JEM |
|---|---|
| Petitioner, | RESPONDENT'S MOTION TO DISMISS "PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241" |
| v. | |
| JACK FOX, Warden FCI Lompoc, | |
| Respondent. | |

Respondent Jack Fox, Warden FCI Lompoc, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Julius J. Nam, hereby files its Motion to Dismiss petitioner David L. Vance's "Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241."

//

//

//

//

//

1

1    This Motion is based upon the attached memorandum of points and
2 authorities, the accompanying Declaration of Julius J. Nam and
3 exhibits attached thereto, the files and records in this case, and
4 such further evidence and argument as the Court may permit.

Dated: September 9, 2015         Respectfully submitted,

                                 EILEEN M. DECKER
                                 United States Attorney

                                 LAWRENCE S. MIDDLETON
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                        /s/
                                 _____
                                 JULIUS J. NAM
                                 Assistant United States Attorney

                                 Attorneys for Respondent
                                 JACK FOX, Warden FCI Lompoc

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION AND BACKGROUND**

Petitioner David L. Vance ("petitioner") is incarcerated at Federal Correctional Institution ("FCI"), Lompoc, within the Central District of California, after having been convicted in the Northern District of Alabama. On January 18, 2006, in the criminal case of United States v. David L. Vance, CR No. 2:05-157-JHH-RRA, a Northern District of Alabama jury found petitioner guilty of one count of attempting to travel in foreign commerce for the purpose of engaging in illicit sexual conduct with other persons, in violation of 18 U.S.C. §§ 2423(b) and (e). (See Declaration of Julius J. Nam ("Nam Decl.") Exs. 1-3.) On May 23, 2006, the district court sentenced petitioner to 180 months, to be followed by a supervised release term of 300 months. (Id. Ex. 3.) Petitioner's sentence included a two-level enhancement pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2G1.3(b)(2)(B), which provided for a two-level increase for unduly influencing a minor to engage in prohibited sexual conduct, even though the "minor" was in fact an adult law enforcement officer. (Id. Ex. 4.) On August 3, 2007, the Eleventh Circuit affirmed the conviction and sentence, holding, inter alia, that the district court did not err in applying the two-level enhancement under U.S.S.G. § 2G1.3(b)(2)(B), even though the victim was in fact an adult undercover officer, and not a minor. (Id. Ex. 4.)

On March 25, 2013, and April 1, 2013, petitioner filed two motions pursuant to 18 U.S.C. § 3582(c)(2) before the sentencing court, seeking a reduction of his sentence based on a 2009 amendment to the Guidelines. (Id. Exs. 5, 6.) In the two motions, petitioner

1

argued that he should benefit from Amendment 732 to the Guidelines, which revised the commentary to U.S.S.G. § 2G1.3 effective November 1, 2009, to provide that the § 2G1.3(b)(2)(B) enhancement should not be applied "in a case in which the only 'minor' (as defined in Application Note 1) involved in the offense is an undercover law enforcement officer." U.S.S.G. § 2G1.3, cmt. n.3. Petitioner contended that, although he was sentenced before Amendment 732 went into effect, that amendment should be applied retroactively to his sentence, thus reducing his sentence. (Nam Decl. Exs. 5, 6.)

In an order issued on November 1, 2013, the sentencing court agreed with petitioner that, based on the Eleventh Circuit's holding in United States v. Jerchower, 631 F.3d 1181 (11th Cir. 2011), Amendment 732 was a clarifying amendment that should be applied retroactively. (Id. Ex. 7.) The district court, however, denied petitioner's motions because clarifying amendments to the Guidelines, including Amendment 732, "apply retroactively to cases on direct appeal," but not in response to motions filed under 18 U.S.C. § 3582(c)(2). (Id. Ex. 7.)

Petitioner has not filed a motion pursuant to 28 U.S.C. § 2255 or 28 U.S.C. § 2241 in any court.

On June 29, 2015, petitioner filed the instant "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (the "Petition") in the Central District of California. The Petition advances essentially the same argument petitioner made in his § 3582(c)(2) motion in the Northern District of Alabama – that his sentence should be vacated for resentencing without the § 2G1.3(b)(2)(B) enhancement, upon retroactive application of Amendment 732, given that he did not

2

in fact unduly influence a minor.  (Pet. at 7, 8; Mem. P. & A. at 8, 9.)

For the reasons set forth below, the Court should dismiss the Petition for lack of jurisdiction.

## II.  ARGUMENT

The Court should dismiss the Petition for four reasons: (1) the Petition, which clearly attacks petitioner's sentence rather than the conditions of his confinement, should be construed as a motion under 28 U.S.C. § 2255 and dismissed because it was not filed, as required, in the court of conviction and sentence, the Northern District of Alabama; (2) should the Court determine it has jurisdiction, the Petition nevertheless should be dismissed because it is time-barred, having been brought more than six years after petitioner's conviction became final; (3) § 2255's "savings clause" will not permit the instant challenge to petitioner's sentence through a § 2241 motion; and (4) transfer of the Petition to the sentencing court would be futile.

### A.  **The Court Should Dismiss the Petition for Lack of Subject Matter Jurisdiction**

The Petition, which clearly attacks petitioner's sentence rather than the manner, location, or conditions of his confinement, should be construed as a § 2255 motion and dismissed because this Petition is properly before the Northern District of Alabama, the sentencing court.  See 28 U.S.C. § 2255(a) (a § 2255 motion must be made in "the court which imposed the sentence to vacate, set side or correct the sentence").  As a general matter, a petitioner challenges the legality of his or her sentence under § 2255, and the manner, location, or conditions of the sentence's execution under § 2241.

1 | Compare Harrison v. Ollison, 519 F.3d 952, 954 (9th Cir. 2008) ("A
2 | federal prisoner challenging the legality of a sentence must
3 | generally do so by a motion pursuant to 28 U.S.C. § 2255."), and
4 | Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("In general,
5 | § 2255 provides the exclusive procedural mechanism by which a federal
6 | prisoner may test the legality of detention."), with Hernandez v.
7 | Campbell, 204 F.3d 861, 864 (9th Cir. 2000) ("[P]etitions that
8 | challenge the manner, location, or conditions of a sentence's
9 | execution must be brought pursuant to § 2241 in the custodial
10 | court."). Thus, generally, challenges to the legality of sentences
11 | imposed are not cognizable under § 2241.
12 |     Here, petitioner contends that his sentence should be vacated
13 | because Amendment 732 should apply retroactively to his sentencing
14 | decision and the § 2G1.3(b)(2)(B) enhancement no longer applies to
15 | his offense conduct. (Pet. at 7, 8; Mem. P. & A. at 8, 9.) Such a
16 | claim is not one that challenges the manner, location, or conditions
17 | of a sentence's execution that implicates § 2241. Rather, it
18 | directly challenges the legality of petitioner's sentence and, as
19 | such, falls within the exclusive domain of § 2255. See Lorentsen,
20 | 223 F.3d at 953. Petitioner attempts to cast his claim as one
21 | attacking the execution of his sentence by naming Jack Fox, Warden of
22 | FCI Lompoc ("respondent"), as the respondent. Petitioner, however,
23 | does not contest any actual actions of respondent or FCI Lompoc;
24 | petitioner merely asserts essentially the same claim he made in his
25 | § 3582(c)(2) motion to the sentencing court, i.e., his underlying
26 | sentence should be vacated because Amendment 732 now makes his
27 | sentence illegal. See Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir.
28 | 2001) ("Merely labeling a section 2255 motion as a section 2241

4

petition does not overcome the bar against successive section 2255 motions."). Thus, this Court should construe the Petition as a § 2255 motion and dismiss it as being improperly before this Court.

### B. Even If the Court Were to Find Jurisdiction, the Petition, Properly Construed as a § 2255 Motion, Should Be Dismissed as Untimely

As discussed above, because petitioner attacks the legality of his sentence, the Petition is properly construed as a motion under § 2255. A motion to vacate sentence under § 2255 must be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review; or
> (4) the date on which the fact supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's conviction became final on January 9, 2008, the day after the deadline for petitioner to file for Supreme Court review expired.[1] Thus, petitioner was required to file his § 2255 motion within a year of that date – not later than January 9, 2009. The

---

[1] The Eleventh Circuit issued its mandate on petitioner's direct appeal on October 10, 2007. Petitioner's deadline for the filing of a petition for a writ of certiorari before the Supreme Court was January 8, 2008, ninety days after the issuance of the mandate. Sup. Ct. R. 13(1).

5

1  Petition was filed on June 29, 2015, more than six years later, and
2  is therefore untimely.  Petitioner does not claim that the government
3  prevented him from filing his petition earlier than he did; and the
4  petition does not allege any facts that could not have been
5  discovered earlier.
6  Petition does assert that the retroactively applicable Amendment
7  732 that became effective November 1, 2009 entitles him to
8  resentencing and a lower sentence.  (Pet. at 7, 8; Mem. P. & A. at 8,
9  9.)  The Supreme Court, however, has not recognized Amendment 732 as
10 conferring a retroactively applicable new right on collateral review.
11 Thus, the incorporation of Amendment 732 into the Guidelines does not
12 change petitioner's January 9, 2009, deadline.
13 Accordingly, the Petition, construed as a § 2255 motion, is
14 untimely and must be dismissed.

15 **C.  Petitioner Has Not Satisfied His Burden of Showing His**
16 **Claim Falls Within Section 2255's "Savings Clause"**

17 Moreover, the Petition is not rescued by § 2255's savings
18 clause, through which the Ninth Circuit has permitted § 2241
19 challenges to sentences when § 2255 is "inadequate or ineffective to
20 test the legality of his detention."  28 U.S.C. § 2255(e); Stephens
21 v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Hernandez, 204 F.3d at
22 864-65.  This exception, however, is a narrow one and is not
23 applicable to cases in which relief is foreclosed "merely because
24 § 2255's gatekeeping provisions prevent the petitioner from filing a
25 second or successive petition."  Ivy v. Pontesso, 328 F.3d 1057, 1059
26 (9th Cir. 2003).  Instead, the Ninth Circuit has held that the § 2255
27 remedy is inadequate or ineffective "when the petitioner claims to
28 be: (1) factually innocent of the crime for which he has been

6

1 convicted; and (2) has never had an 'unobstructed procedural shot' at
2 presenting this claim." Id. at 1060 (citations omitted).
3     Here, petitioner fails to meet the first of these requirements.
4 "To establish actual innocence, [a] petitioner must demonstrate that,
5 in light of all the evidence, it is more likely than not that no
6 reasonable juror would have convicted him." Stephens, 464 F.3d at
7 898 (citations omitted). Importantly, "'actual innocence' means
8 factual innocence, not mere legal insufficiency." Bousley v. United
9 States, 523 U.S. 614, 623-24 (1998) (citation omitted). And it is
10 the habeas petitioner's burden to demonstrate actual innocence by a
11 preponderance of the evidence. Lorentsen, 223 F.3d at 954.
12     Petitioner does not claim or demonstrate, as required, that he
13 is factually innocent of his crime of conviction. Rather,
14 petitioner's claim challenges only the validity of the
15 § 2G1.3(b)(2)(B) enhancement he received at sentencing. But such an
16 assertion does not amount to a claim of actual innocence, and
17 petitioner fails to establish that "it is more likely than not that
18 no reasonable juror would have convicted him." Stephens, 464 F.3d at
19 898. Consequently, petitioner fails to establish that he is
20 factually innocent of his crime of conviction. His savings clause
21 argument thus fails.

22     **D.**    **The Petition Should Not Be Transferred to the Northern**
23               **District Of Alabama Because Doing So Would Be Futile**

24     Because jurisdiction is not proper in this district, the Court
25 has the option of transferring the petition to the Northern District
26 of Alabama. See 28 U.S.C. § 1631 ("Whenever a civil action is filed
27 . . . and that court finds that there is a want of jurisdiction, the
28 court shall, if it is in the interest of justice, transfer such

7

action or appeal to any other such court in which the action or appeal could have been brought."). However, doing so would not be in the interest of justice because, as already shown, the Petition is untimely. It would serve no purpose to have the Petition transferred to the Northern District of Alabama when its dismissal in that court is inevitable. Therefore, this Court should dismiss the Petition without ordering that it be transferred to the Northern District of Alabama.

**III. CONCLUSION**

For the foregoing reasons, respondent respectfully requests that the Court construe the Petition as a § 2255 motion and dismiss it for lack of subject matter jurisdiction. Should the Court deny this Motion, respondent respectfully requests an opportunity to file an answer to the Petition addressing the substance of petitioner's claim.

Dated: September 9, 2015         Respectfully submitted,

                                 EILEEN M. DECKER
                                 United States Attorney

                                 LAWRENCE S. MIDDLETON
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                      /s/
                                 _____
                                 JULIUS J. NAM
                                 Assistant United States Attorney

                                 Attorneys for Respondent
                                 JACK FOX, Warden FCI Lompoc