# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID L. VANCE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JACK FOX, Warden FCI Lompoc,<br><br>　　　　　Respondent. | Case No. CV 15-4887-CJC (JEM)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　　　This Report and Recommendation is submitted to the Honorable Cormac J. Carney, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## INTRODUCTION

　　　　On June 29, 2015, David L. Vance ("Petitioner"), a prisoner in federal custody proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition").  The Petition contains a single claim: "Petitioner's sentencing enhancement under [United States Sentencing Guidelines ("U.S.S.G." or "Guidelines")] § 2G1.3(b)(2)(B) is null and void, and his sentence must be vacated for resentencing without the enhancement."  (See Petition at 7.)

**BACKGROUND**

Petitioner is incarcerated at the Federal Correctional Institution in Lompoc, California ("FCI Lompoc"), within the Central District of California, after having been convicted in the Northern District of Alabama.

On January 18, 2006, in the criminal case of United States v. David L. Vance, CR No. 2:05-157-JHH-RRA, a Northern District of Alabama jury found Petitioner guilty of one count of attempting to travel in foreign commerce for the purpose of engaging in illicit sexual conduct with other persons, in violation of 18 U.S.C. §§ 2423(b) and (e). (See Declaration of Julius J. Nam ("Nam Decl.") Exs. 1-3.)

On May 23, 2006, the district court sentenced Petitioner to 180 months in custody, to be followed by a supervised release term of 300 months. (Id. Ex. 3.) Petitioner's sentence included a two-level enhancement pursuant to U.S.S.G. § 2G1.3(b)(2)(B), which provided for a two-level increase for unduly influencing a minor to engage in prohibited sexual conduct, even though the "minor" was in fact an adult law enforcement officer. (Id. Ex. 4.)

On August 3, 2007, the Eleventh Circuit affirmed the conviction and sentence, holding, inter alia, that the district court did not err in applying the two-level enhancement under U.S.S.G. § 2G1.3(b)(2)(B), even though the victim was in fact an adult undercover officer, not a minor. (Id. Ex. 4.)

On March 25, 2013, and April 1, 2013, Petitioner filed two motions pursuant to 18 U.S.C. § 3582(c)(2) before the sentencing court, seeking a reduction of his sentence based on a 2009 amendment to the Guidelines. (Id. Exs. 5, 6.) In the two motions, Petitioner argued that he should benefit from Amendment 732 to the Guidelines, which revised the commentary to U.S.S.G. § 2G1.3, effective November 1, 2009, to provide that the § 2G1.3(b)(2)(B) enhancement should not be applied "in a case in which the only 'minor' (as defined in Application Note 1) involved in the offense is an undercover law enforcement officer." U.S.S.G. § 2G1.3, cmt. n.3. Petitioner contended that, although he was sentenced before Amendment 732 went into effect, that amendment should be applied retroactively to reduce his sentence. (Nam Decl. Exs. 5, 6.)

In an order issued on November 1, 2013, the sentencing court agreed with Petitioner that, based on the Eleventh Circuit's holding in United States v. Jerchower, 631 F.3d 1181 (11th Cir. 2011), Amendment 732 was a clarifying amendment that should be applied retroactively. (Id. Ex. 7.) The district court, however, denied Petitioner's motions because clarifying amendments to the Guidelines, including 732, "apply retroactively to cases on direct appeal," but not in response to motions filed under 18 U.S.C. § 3581(c)(2). (Id. Ex. 7.)

Petitioner has not filed a motion pursuant to 28 U.S.C. § 2255 in any court.

On June 29, 2015, Petitioner filed the instant Petition. The Petition advances essentially the same argument Petitioner made in his § 3581(c)(2) motions in the Northern District of Alabama – that his sentence should be vacated for resentencing without the § 2G1.3(b)(2)(B) enhancement, upon retroactive application of Amendment 732, given that he did not in fact unduly influence a minor. (Pet. at 7, 8; Mem. P. & A. at 8, 9.)

On September 9, 2015, Respondent filed a Motion to Dismiss the Petition. On November 2, 2015, Petitioner filed an Opposition. Respondent did not file a Reply. The matter is ready for decision.

For the reasons set forth below, the Court recommends that the Motion to Dismiss be granted.

## DISCUSSION

**I.    The Petition Should Be Dismissed for Lack of Subject Matter Jurisdiction.**

   **A.    Applicable Law**

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988). The motion must be filed in the district where the defendant was sentenced because only the

3

sentencing court has jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); Tripati, 843 F.2d at 1163.

Generally, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Stephens, 464 F.3d at 897; Tripati, 843 F.2d at 1162. Rather, a § 2241 habeas petition is the means by which a prisoner challenges the manner, location, or conditions of that sentence's execution. Hernandez, 204 F.3d at 864 ("[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court.").

### B. Analysis

Here, Petitioner contends that his sentence should be vacated because Amendment 732 should apply retroactively to him, and the § 2G1.3(b)(2)(B) enhancement no longer applies to his offense conduct. (Pet. at 7, 8; Mem. P. & A. at 8, 9.) Such a claim does not challenge the manner, location, or conditions of a sentence's execution that implicates § 2241. Rather, it directly challenges the legality of the sentence and, as such, falls within the exclusive domain of § 2255. See Lorentsen, 223 F.3d at 953. Although Petitioner names Jack Fox, Warden of FCI Lompoc, as the Respondent, Petitioner does not challenge any of Respondent's actions in carrying out the sentence. Rather, he attacks the legality of the sentence itself and sets forth essentially the same claim he made to the sentencing court in his § 3582(c)(2) motion.

Thus, the Petition is properly construed as a § 2255 motion, which should be dismissed for lack of subject matter jurisdiction.

## II. Petitioner Has Not Met His Burden of Showing His Claim Falls Within the "Savings Clause" of Section 2255.

### A. Applicable Law

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 only if he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299

4

(9th Cir. 1997) (quoting § 2255). This so-called "savings clause" exception is very narrow. Id.; see also Aronson v. May, 85 S. Ct. 3, 5 (1964) (denial of a prior § 2255 motion is insufficient to render § 2255 inadequate); United States v. Valdez–Pacheco, 237 F.3d 1077, (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by filing a petition for writ of audita querela pursuant to the All Writs Act, 28 U.S.C. § 1651); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) (§ 2255 not inadequate or ineffective merely because court of appeals refuses to certify second or successive motion to vacate); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (dismissal of a successive motion pursuant to § 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek habeas relief); Tripati, 843 F.2d at 1162–63 (petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate).

A prisoner challenging the validity of his conviction or sentence may invoke the savings clause in § 2255 and bring a petition pursuant to § 2241 only if he: "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citations omitted); see also Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003). "To establish actual innocence, [a] petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898 (citations omitted). Moreover, "'actual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623-24 (1998) (citation omitted).

The burden is on the petitioner to show that the § 2255 remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner proceeding pursuant to § 2241 fails to meet this burden, the § 2241 petition will be dismissed for lack of jurisdiction. Ivy, 328 F.3d at 1061.

**B.    Analysis**

Petitioner has not demonstrated that he is factually innocent of his crime of conviction. Petitioner challenges only the validity of the § 2G1.3(b)(2)(B) enhancement he received at sentencing. Such an assertion does not amount to a claim of actual innocence,

and Petitioner fails to establish that "it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898. Consequently, Petitioner has not shown that the remedy under § 2255 is inadequate or ineffective, and the savings clause does not apply.

The Petition is properly construed as a § 2255 motion over which this Court lacks jurisdiction.

## III. The Petition Should Not Be Transferred to the Northern District of Alabama Because It Is Untimely.

Transfer of venue is governed by 28 U.S.C. § 1631, which provides:

> Whenever a civil action is filed . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought.

Id. A matter should be transferred "if three conditions are met: (1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." Cruz-Aguilera v. INS, 245 F.3d 1070, 1074 (9th Cir. 2001) (citation omitted).

Here, transfer is not in the interest of justice because the Petition, properly construed as a § 2255 motion, is untimely. A motion to vacate sentence under § 2255 must be filed within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

There is no showing that § 2255(f)(2)-(4) apply: Petitioner does not claim that the government prevented him from filing his petition earlier; the Petition does not allege any facts that could not have been discovered earlier; and Amendment 732 has not been recognized by the Supreme Court as conferring a retroactively applicable new right on collateral review.

Petitioner's conviction became final on January 9, 2008, the day after his time to file a petition for a writ of certiorari expired. Pursuant to § 2255(f)(1), the deadline for Petitioner to file a § 2255 motion was January 9, 2009, one year after his conviction became final. The instant Petition was not filed until June 29, 2015, more than six years after the statute of limitations expired. Thus, the Petition is untimely.

Petitioner argues that he could not have brought his claim until November 1, 2009, when Amendment 732 became effective. (Opposition at 4.) Even if the one-year limitations period commenced on November 1, 2009, it would have expired November 1, 2010. The Petition, filed more than four years later, would still be untimely.

In these circumstances, it is not in the interest of justice to transfer this action. Transfer would be futile because the Petition is untimely under § 2255(f). Accordingly, the action should be dismissed.

## RECOMMENDATION

THE COURT, THEREFORE, RECOMMENDS that the District Court issue an Order: (1) accepting this Report and Recommendation; (2) granting Respondent's Motion to Dismiss; and (3) directing that Judgment be entered dismissing this action with prejudice.

DATED: January 28, 2016             */s/ John E. McDermott*
                                                   JOHN E. MCDERMOTT
                                     UNITED STATES MAGISTRATE JUDGE